JOURNAL ENTRY and OPINION
Plaintiff Hazel Terry appeals the trial court's orders granting defendant SMJ Growth Corporation's motion for summary judgment and defendant City of Warrensville Heights' motion to dismiss. This court lacks jurisdiction to review appellant's assignments of error; therefore, the court dismisses this appeal.
The amended complaint filed with leave of court on October 27, 1998 named four defendants: SMJ Growth Corporation; the City of Warrensville Heights (hereinafter "the City"); Joseph Galloway; and Jeanette Morgan. Defendant SMJ Growth Corporation's motion for summary judgment was granted on December 29, 1998; the City's motion to dismiss was granted January 21, 1999. Both entries were expressly noted to be "partial" judgments.
On February 1, 1999, the court filed the following entry:
 The Court having been informed of a pending Bankruptcy case, stays further proceedings in this action. Bankruptcy #98-15201. Case to be reinstated only upon motion. FINAL.
Appellant filed this appeal on March 1, 1999.
Appellant does not challenge the order staying proceedings; thus, we are not presented with the question of whether this may be an appealable order granting or denying a provisional remedy. R.C.2505.02 (B) (4); see Sorg v. Montgomery Ward Co., Inc. (Dec. 17, 1998), Erie App. No. E-98-057, unreported. The only issue is whether the stay order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02 (B) (1).
Despite the trial court's designation of the order as "final," a stay pending bankruptcy is just that — a stay — and does not finally dispose of the matter; the claims against the bankrupt party (and any other parties) remain pending. A stay does not determine the action or prevent a judgment.
The automatic stay generally does not preclude the continuation of proceedings against non-bankrupt parties. "However, the trial court's judgment in cases involving both bankrupt and non-bankrupt parties must satisfy the requirements of Civ.R. 54 (B) to be immediately appealable." Kingmen Enterprises, Inc. v.Kasunic (Feb. 17, 1994), Cuyahoga App. No. 64720, unreported, at 3. The trial court's orders granting summary judgment to SMJ and dismissing the claims against the City did not include the "no just reason for delay" language of Civ.R. 54 (B). Walters v.Hawken School, et al. (Aug. 27, 1998), Cuyahoga App. No. 73051, unreported; Stanaczyk v. Fontanez (Nov. 21, 1996), Cuyahoga App. No. 70433, unreported. They were not made any more final by the entry of the automatic stay. Accordingly, this appeal is dismissed.
This cause is dismissed.
It is, therefore, considered that said appellees recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: DISMISSED.
LEO M. SPELLACY, P.J. and ANNE L. KILBANE, J. CONCUR.
 ___________________________________ JUDGE KENNETH A. ROCCO